**Carlos Alberto MENDOZA; Vidalina Arana–Cabrera, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–76478, 04–76481.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Johnson, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Francesco Isgro, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Carlos Alberto Mendoza and Vidalina Arana–Cabrera, husband and wife and natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

To the extent petitioners contend they were denied due process because the IJ's decision was improperly influenced by their illegal entry into the United States, the contention is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005).

■ To the extent petitioners contend they were denied due process because the IJ failed to continue the hearing so that petitioners' pastor could appear and testify, the contention is not a colorable constitutional claim, given that no continuance was requested. *See id.*

■ We lack jurisdiction to review petitioners' contention that the IJ erred in not admitting into evidence unidentified medical reports concerning one of their sons because they failed to raise the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

We reject petitioners' contention that the BIA's hardship precedents are inapposite because those cases did not involve intact families.

In No. 04–76478, PETITION FOR REVIEW DISMISSED in part; DENIED in part.

In No. 04–76481, PETITION FOR REVIEW DISMISSED in part; DENIED in part.